Feaziee, J.
This appeal is an action to construe the will and codicil *343 of Elbridge O. Warner, deceased. The cause was heard in' the court of common pleas and appealed to this court. In the court of common pleas the will was construed in several-particulars, and the parties acquiesced in that construction in all but three provisions, which are the only questions-which we are asked to construe or pass upon, and we do not refer to the other questions,
The first question arises under item fourth of the will. After the devise of real estate to Marjorie, the testator-says:
“I do also give and bequeath to my wife in trust for my daughter, Marjorie 0. Warner, until my daughter arrives, at the age of majority,the sum of ten thousand dollars, payable as follows: Twenty shares of the capital stock of the First National Bank of Painesville, Ohio, at $2000.00. One thousand dollars in Lake Shore & Michigan Southern-Railway Company at par $1000,00. $7000.00 in money or in good well secured notes.”
The question submitted under item fourth of the will is, whether the bequest of one thousand dollars in Lake Shore- & Michigan Southern Railway Company at par is a specific-legacy, so that if the decedent did not possess something-answering that description the legacy fails, or whether it-belongs to that class called ‘1 demonstrative legacies” which do not abate; but if the fund fail they rank with general legacies The distinction between specific and general legacies is, that a specific legacy singles out the particular thing-which the testator intends the donee to have, no regard being had to its value, while general legacies are payable out' of the general assets, the chief element being the quantity, or its value.
There is a third class of legacies,known as demonstrative-legacies, differing from general and partaking of the nature of specific legacies, in that they are not liable to abate. A demonstrative legacy is a pecuniary legacy, or legacy of' quantity, the particular fund or personal property being- *344 pointed out from which it is to be taken or paid. If the fund pointed out for their payment fail, they are payable out of the general assets not specifically bequeathed, or out of funds covered by the residuary bequest with legacies general in their nature.
The bequest in this case is the sum of ten thousand dollars. The main or ruling idea of the testator is the amount, and if the testator, at the time of his death, did not own one thousand dollars in Lake Shore & Michigan Southern Railway Company (bonds or stocks), — something filling the description — 'the same will be fully satisfied by the payment of one thousand dollars out of the residuum by the executors, and this, we hold, to be the true construction of this item.
The second question presented to us is the proper construction of the seventh item of the will, which reads:
“I hereby appoint my sons, Eugene Warner and Arthur E. Warner, executors of this my last will and testament, hereby revoking all former wills by me made, and I direct that in consideration of the legacies herein given to said sons,that no fees, commissions or charges for administering upon my estate shall be paid to them, or to either of them, except for actual expenses properly incurred. I request the probate court not to require bonds of said executors.”
Section 6188, Revised Statutes of Ohio, provides:
‘‘Executors and administrators may be allowed the following commissions upon the amount of the personal estate collected and accounted for by them, and of the proceeds of real estate sold under an order of court for the payment of debts, or under directions of the will which shall be received in full compensation for all their ordinary services; that is to say:
“For the first thousand dollars, at the rate of six|’per centum;
‘‘For all above that sum, and not exceeding five thousand dollars, at the rate of four per centum; and
‘‘For all above five thousand dollars, at the rate of two per centum.
*345 “And in all cases, such further allowances shall be made as the court shall consider just and reasonable for actual and necessary expenses, and for extraordinary services, not required of an executor or administrator, in the common •course of his duty; provided however, that when provision shall be made by the will of the deceased, for compensation to any executor, the same shall be deemed a full satisfaction for his services, in lieu of his aforesaid commissions or his share thereof, unless he shall, by an instrument filed in the court, renounce all claims to such compensation given by the will. ”
The executors claim and insist that they are entitled to charge and receive the commissions allowed executors, by sec. 6188 aforesaid.
That the will does not make provision for compensation to them in lieu of the commissions provided by statute and in satisfaction for their services as such executors.
The plaintiff, who, with the sons named as executors, is entitled to the residuum, claims and insists, that they are not entitled to the commissions allowed by statute. From the will, and the evidence submitted, it appears that the testator died leaving a widow, (his wife by a second marriage), the plaintiff, then an infant of tender years, issue of the second marriage, and the two sons named as executors, children by a former wife, to whom, had he died intestate, his estate would have descended.. That the executors, Eugene N. Warner and Arthur E. Warner, by the legacies given in the will, received a much larger share of the estate of their father, Elbridge 0. Warner, than they would have inherited had he died intestate.
At common law no compensation was allowed to executors and administrators, but, in most of the American states, compensation is allowed, and in most of them it is fixed by statute.
Woerner on the American Law of Administration,. after citing the provisions in the statutes of the several states, *346 says, in some of the states the statutes contain a provision, that when compensation is made by the will of the deceased for compensation to any executor,the same shall be deemed a full satisfaction for his services unless he shall in writing-renounce all claims to the compensation given by the will;, and in a note he states that the statutes of Ohio, New York, and other states named, contain such provisions. We have not the New York statute at hand, and hence cannot compare its provisions with ours. Nor have we been cited to any case in which our statute, or similar provisions in the-statutes of another state, have received a construction.
Counsel for plaintiff refer us to the matter of Kernochan’s will, 104 New York, 618. Neither in the statement of the-case, arguments of counsel, nor opinion of the court, is a statute referred to; but, the last paragraph of the syllabus is:
“By the will Mrs. M, was appointed executrix; she duly qualified and acted as such. The will contained a direction that each executor and trustee, other than his wife, ‘do receive and take the full rate of commissions provided by law for each executor;’ substantially the whole income of the-estate was given to her. Held, that she was not entitled to-commission as it was the intention of the testator to exclude-her from compensation.”
Danforth, Judge, in the opinion at page 631, reversing-the action of the court below, says,
“The objection raised in behalf of the remainderman-hangs upon the request of the testator contained in the will, in these words: ‘It is also my request that all persons herein named as executors will consent to act as such executors and trustees, and that each executor and trustee, other than my wife, do also receive and take the full rate-of commissions provided by law for each executor, intending thus to provide suitable compensation for their services-in and attention to duties herein devolved upon them.’ We think the intention of the testator was to exclude his wife-from compensation. Substantially the whole income of the estate, the result of the management of the executors, of *347 whom she was one, is given to her, and it cannot be supposed that he intended she should also be paid for caring for it. ’ ’
In the case at bar, the executors were large beneficiaries, receiving under the will much more than an equal share with the plaintiff, and a proper management of the estate was largely beneficial to them.
We are of opinion the provisions in the will in lieu of compensation, was intended by the testator to be in full compensation to the executors in lieu of the commissions allowed by statute, and that, by reason thereof, the executors are not entitled to charge and receive the commissions allowed by statute.
They knew, and were informed by'the will, that the testator directed and provided by his will, that by reason of the legacies given them they should not receive the commissions allowed by statute, and after having voluntarily assumed the administration under the will, and received all the legacies therein given them, with a full knowledge of the provisions of the will and direction of the testator, and administered the estate, it being his will that in consideration of the provisions made for them in the will they should receive no compensation other than that which is provided in the clause itself, they would be estopped from claiming any compensation other than that which they are entitled to under the provisions of that clause of the will.
Hence, we think, that the proper construction of this item is, that the executors snail receive no compensation, except it be for actual expenses properly incurred in the administration, and such, we hold, to be the true construction of the will in this regard.
The third question submitted to us is as to the construc-ion of that clause of the codicil, which reads:
“And do I also hereby give and bequeath to my said *348 daughter Marjorie O. Warner, in addition to the sums provided for her in my said will, one thousand dollars in money. ”
The executors claim that the testator, by the bequest of one thousand dollars in money to his daughter Marjorie, in addition to the sums provided for her in his will, intended that it should go to his wife in trust for her, the same as the ten thousand dollars provided for her in the fourth item of his will. That by the phrase “in addition to the sums provided for her in my said will,’’ he meant thatjt should be added to and become a part of the trust estate the same as if given by item four.
The plaintiff claims it to be a direct personal gift to her and not in trust, and is not payable to the trustee as such, but to her or her guardian.
The intention of the testator must be gathered from the words of the instrument. In the same sentence which he • gives the thousand dollars in money he adds “and the piano .1 now own.”
We cannot see how the one can be held to be in trust and the other a direct bequest, and I presume no one will claim that the piano became a part of the trust estate. He says:
“In addition to the sums provided for her in my said will.”
In item four he devises to her, at the death of his wife, certain real estate, which he had, by item one of his will, given to his wife for life, He then gives to his wife, in trust for Marjorie, ten thousand dollars, and provides that if Marjorie die before arriving at eighteen years of age and coming into possession of said trust funds, the use shall go to his wife until her death and then revert to his heirs. He then directs that the increase use or profits derived form the trust funds, or so much as may be necessary, shall be used for the support and education of Marjorie during her *349 minority, and in case of necessity her guardian may use,, under the direction of the probate court for such purposes,, so much of the principal as shall be deemed proper.
Horace Alvord, William IS. Cushing, and A. C. Pepoon, for Plaintiff.
Geo. II. Shepherd, A. G. Reynolds, and George W, Alvord, fGr Defendants.
This latter provision was added, no doubt, by the testator in his solicitude to provide for his daughter of tender years, and recognizing the duty he owed to care for, educate and support her during her minority, and, in the course of time, when he made and executed the codicil, with the provisions of the will in his mind, and probably at that time with the will before him, he says: “In addition to the sums provided for her in my will I give her one thousand dollars in money and the piano I now own.” Not-“to my said wife in trust”, as in item four; but the language is “I give and bequeath to my said daughter, Marjorie O. Warner, in addition to the sums provided for her in my said will, one thousand dollars in money and the piano I now own.”
We are at a loss to see by what rule of construction the thousand dollars can be held to be in trust, and the piano and one-third of the residuum given her by the same codicil, not also held to be in trust.
We hold, that the thousand dollars in money is a direct beq-uest to Marjorie, and payable to her or her guardian, and not to the trustee. And we further direct that the costs of this proceeding be paid by the executors out of the assets of the estate in their hands to be administered.